*Ye v. Lynch*

BIA
Christensen, IJ
A200 168 525

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of July, two thousand fifteen.

PRESENT:
>       DENNIS JACOBS,
>       PETER W. HALL,
>       RAYMOND J. LOHIER, JR.,
>            *Circuit Judges.*

_____

QING YE,
>       *Petitioner,*

>       v.                                            13-3996
>                                                     NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

**FOR PETITIONER:**          Gerald Karikari, New York, New York.

**FOR RESPONDENT:**          Stuart F. Delery, Assistant Attorney
                             General; Katharine E. Clark, Senior
                             Litigation Counsel; Kabina Laeticia
                             Mukala, Law Clerk; Jem C. Sponzo,

Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qing Ye, a native and citizen of the People's Republic of China, seeks review of a September 25, 2013, decision of the BIA affirming an August 7, 2012, decision of an Immigration Judge ("IJ") denying Ye's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qing Ye,* No. A200 168 525 (B.I.A. Sept. 25, 2013), *aff'g* No. A200 168 525 (Immig. Ct. N.Y. City Aug. 7, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision and the BIA's decision, "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well

2

established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications governed by the REAL ID Act, such as Ye's, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor or responsiveness," the plausibility of his account, and inconsistencies in the statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 562 F.3d 162, 167 (2d Cir. 2008).  We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the IJ's adverse credibility determination.  The IJ relied on internal and external inconsistencies in Ye's testimony, Ye's evident unfamiliarity with documents he submitted, and Ye's tendency to alter his testimony when confronted with an inconsistency.  The record supports all of these findings.  For instance, he stated that he never sought medical attention after being beaten, but when

3

confronted with a certificate from a hospital, he stated that he discussed his injuries with a doctor. While Ye's evidence demonstrated that his church friend, like Ye himself, was made to report to police after release from detention, and that the Chinese church Ye attended had been forced to dissolve, Ye was seemingly unaware of either of these facts, indicating unfamiliarity with his own evidence. The explanation for the latter inconsistency--that he knew (but did not say) that the church was dissolved, but could not say whether it had reopened--would not compel a reasonable fact-finder to credit his testimony. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Finally, the record supports the IJ's finding that Ye viewed his hospital certificate as evidence that he was still in China in June 2010, and did not connect it with his alleged past persecution. Ye initially testified that he did not seek medical attention after being released from detention, and his bruises took one month to heal. Only when the Government pointed out that his hospital visit took place less than one week after his release did he mention that the doctor he saw commented on his bruises, and said they were healing.

4

Considering Ye's inconsistent testimony, his unfamiliarity with his documentary evidence, and his willingness to change his testimony, the totality of circumstances supports the agency's adverse credibility determination.  Because his claim for relief depends on his credibility, the adverse credibility determination is dispositive of his applications for asylum and withholding of removal.  *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5